AGNES C. CARPER, PLAINTIFF IN ERROR, V. I. N.
WOODFORD, GUARDIAN, DEFENDANT IN ERROR.

1. **Summons:** SERVICE ON HUSBAND: NO SERVICE ON WIFE:
   JUDGMENT. Where the return to a summons against husband
   and wife shows that the husband was served personally, but
   fails to show that the wife was summoned, it will not support a
   judgment by default against the wife.

2. **Judgment:** SATISFACTION: EXECUTION: LEVY. A labor
   judgment was rendered against husband and wife, and an exe-
   cution issued thereon, placed in the hands of a constable, and
   the constable, accompanied by the plaintiff's guardian and
   attorney, went to the residence of the judgment debtors, and
   after various propositions accepted a note from said debtors
   due in nine months, and secured by a second chattel mortgage
   on a cabinet organ; the constable was thereupon directed by
   the plaintiff's attorney to return the execution without a levy,
   no fraud being shown. *Held,* That while a jury might be justi-
   fied in finding that the note and mortgage were taken in satis-
   faction of the judgment, they at least extended the credit nine
   months, and that a levy made six weeks after taking said note
   and mortgage was unauthorized.

ERROR to the district court for Cass county. Tried
below before HAYWARD, J.

*Beeson & Sullivan,* for plaintiff in error, cited: Freeman
on Judgments, Sec. 463. *Lyon v. Northrop,* 17 Ia., 314.
*Weston v. Clark,* 37 Mo., 572. *Wetherly v. Mann,* 11
Johns., 518. *Hoag v. Starr,* 69 Ill., 365. Dan'l on
Neg. Inst. (2 Vol.), 1272. *Phœnix Ins. Co. v. Allen,* 11
Mich., 501. *Philpot v. Sandwich M'f'g Co.,* 18 Neb., 54.

*H. D. Travis,* for defendant in error, cited: *McCoy v.
Hazlett,* 14 Kas., 43. Freeman on Judgments, 463.

MAXWELL, J.

This is an action of replevin, originally brought before
a justice of the peace, to recover the possession of a cow

and calf. The attorneys entered into a stipulation, which was filed with the justice, which allowed the plaintiff to take judgment in that court, with the right of the defendants to appeal. Judgment was entered accordingly. The case was then appealed to the district court, where on the trial the judgment of the justice was reversed and judgment entered in favor of the defendants.

The facts are as follows: In February, 1886, the defendants herein brought an action against Harvey Carper and wife to recover the sum of $54.82, for work and labor done as a farm hand. The justice's docket contains these entries: "February 20, 1886, issued summons this date, returnable February 26, 1886, at 2 o'clock P.M., and delivered the same to R. D. McNurlin, constable." Who made return as follows: "Received this writ February 20, 1886. As commanded by this writ, I, on the 23d day of February, 1886, summoned the within named Harvey Carper in person, by delivering to said defendant a certified copy of this summons and of the endorsement thereon, and leaving a certified copy of this summons and of the endorsement thereon at the residence of Harvey and Mrs. Carper, first name unknown, defendants, dated this 24th day of February, 1886.

"R. D. McNURLIN,
"Constable.

"Services and return...$ .50.
"Copy.................... .25.
"Mileage................. .30.
                         ————
                "$1.05."

No copy of the summons is set out in the transcript. It will be observed that the constable does not certify that he summoned Mrs. Carper, and he merely charges for one copy of the summons. The docket entry shows that, on February 26, 1886, at 2 o'clock P.M., "The parties appear, except Mrs. Carper, no motion being made to exclude her

from this suit," etc., evidently showing that had such motion been made the action probably would have been dismissed as to her.

On March 3, 1886, an execution was issued on the judgment and placed in the hands of the constable. The constable thereupon proceeded to the residence of Harvey Carper, accompanied by the defendant's guardian and attorney, when, after some delay, the following note, secured by a chattel mortgage, was given by Carper and wife:

"WEEPING WATER, March 8, 1886.
"$54.67.     November first, 1886, after date, we promise to pay to the order of I. N. Woodford, fifty-four and $\frac{67}{100}$ dollars, value received, with interest at the rate of ten per cent per annum from date until paid, payable annually.

"Negotiable and payable at the office of H. D. & J. F. Travis, Weeping Water, Nebraska.

"HARVEY CARPER.
"AGNES C. CARPER.

"Due November 1, 1886."

The mortgage was given upon a cabinet organ, which had cost somewhat more than $100 a year before, upon which $55 had been paid, and the balance remained unpaid, there being a chattel mortgage on said organ to secure said balance. These facts are substantially set out in the second mortgage, the language being: "This is a second mortgage, and subject to an incumbrance of $45 and some accrued interest."

The constable thereupon returned his execution as follows: "I, R. D. McNurlin, constable, by order of plaintiff's attorney, made no levy, and hereby return this execution.

"Dated March 18, 1886.

"R. D. McNURLIN,
"Constable."

On the 17th of April, 1886, another execution was issued on said judgment and levied upon the property in controversy. This property, all the testimony shows, belongs to the wife, on which a creditor of the husband has no claim whatever, and unless the debt was one contracted by herself would not be liable to be taken in execution. As there must be a new trial, we will express no opinion upon the facts as to the liability of the wife, as the record perhaps may be amended to conform to the facts; but the record as presented to us fails to show any legal liability on the part of the wife upon the judgment. There was nothing, therefore, to preclude her from maintaining an action of replevin.

2d. The note and mortgage was taken after consultation of the defendant, his attorney, guardian, and the constable. It is evident that the family were very poor and there was but little to be found to levy on. The note and mortgage were drawn and the mortgage witnessed by the defendant's attorney, and so far as we can see were given in good faith and without misrepresentation. A jury probably would be justified in finding that they were taken in satisfaction of the judgment, but we need not determine that question. They at least operated to extend the credit nine months, and there was no authority to issue the second execution. The levy, therefore, was improperly made, and the defendants were not and are not entitled to the possession of the property. It follows that the judgment of the district court must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.